# Louisville & Nashville R. R. Co. *v.* Beck.

*Injury to Employee.*

(Decided June 30, 1913.   Rehearing denied December 18, 1913.
64 South. 37.)

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Ephraim Beck against the Louisville & Nashville Railroad Company for injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

The case made by the complaint is in substance as follows: That the railroad maintained in connection with its other business a yard, in and through which there were laid railroad tracks, and over which were propelled locomotives and trains, and that plaintiff was in the employ of defendant, as a watchman, in and about said shop and yard, and as such it was necessary for him to cross and recross said tracks, over which said locomotives were being propelled, and that on the date named, while engaged in the duties aforesaid, and while acting within the line and scope of his employment, and while crossing one of defendant's tracks,

plaintiff was imperilled by the near and rapid approach of one of defendant's engines on said track, which was in charge of an employee of defendant; that plaintiff, in attempting to escape from his perilous situation, leaped from said track onto another and different track of defendant in said yards, and while there was immediately struck and injured by another of defendant's engines in charge of an employee of defendant, which was traversing said track at a dangerous and rapid rate of speed. The names of said employee in charge of the different engines are alleged to be unknown to plaintiff. Here, also, follows a catalogue of his injuries, which are alleged to be the result of the negligence of defendant's employee in charge of the first engine hereinabove mentioned, in that he so negligently ran and operated said engine that it placed plaintiff in great peril as aforesaid, and because of which he received his injuries. The second count alleges the same facts, and the negligence alleged is that defendant's engineer, Padberg, in charge of the engine so negligently and carelessly conducted himself in and about the management of the engine, and its operation, that it was caused to run against plaintiff while plaintiff was lawfully crossing said track as aforesaid; and it is also alleged in the alternative that one Walker, fireman on said engine, failed to notify the engineer of the perilous situation of plaintiff, after having observed that plaintiff was approaching the track as if to go on same in front of an engine, and after observing that plaintiff was in a perilous situation.

EYSTER & EYSTER, for appellant.

WERT & LYNN, for appellee.

PER CURIAM.—Judgment affirmed.

[Louisville & Nashville R. R. Co. v. Beck.]

MAYFIELD, J.—(dissenting).—The majority of the court, consisting of DOWDELL, C. J., and ANDERSON, MC-CLELLAN, and DE GRAFFENRIED, JJ., are of the opinion that there is no reversible error in the record, that the court properly submitted the questions of negligence and contributory negligence to the jury, and that there was no reversible error in refusing any of the defendant's requested charges, which are the only assignments of error insisted upon by appellant.

The writer of the opinion, with whom SAYRE and SOMERVILLE, JJ., concur, is of the opinion that there was shown no evidence of actionable negligence, on the part of the defendant or of its agents, under the issues made by the pleadings, and that the undisputed evidence shows that the injury was proximately caused by the plaintiff's own negligence, and they desire to state the following as the reasons which lead them to these conclusions: .

The action is to recover damages for personal injuries received by plaintiff in consequence of being struck by a switch engine while in the switchyards of the defendant railroad company at New Decatur.

The complaint is a hybrid. In part it appears to declare as by a servant against his master, and in part to declare as by a stranger against the railroad company. But no insistence is made in argument as to the defects of the complaint, hence we will notice the complaint only in so far as it is necessary to a correct decision of the other questions raised and insisted upon as error.

The record shows that the case was tried upon the theory that the cause of action stated was that of a servant against the master, and we will so treat it.

It will be observed that neither count attempts to declare as for any common-law liability of the master,

so, if either states a cause of action, it must be one, based upon one of the five subdivisions of the Employers' Liability Act. It is difficult to tell under which subdivision the pleader intended to declare; but it is safe to say that the only subdivision under which the complaint could possibly be said to state a cause of action is the fifth. That subdivision has the effect to take away from the master his common-law defense that the injury was the result of the negligence of a fellow servant in the cases mentioned in the subdivision. The subdivision reads as follows: "When such injury is caused by reason of the negligence of any person in the service or employment of the master or employer, who has the charge or control of any signal, points, locomotive, engine, electric motor, switch, car, or train upon a railway, or of any part of the track of a railway." —Code, § 3910, subd. 5.

In order for the complaint to state a cause of action, it must be referred to this subdivision, and, so referring it, the negligence relied on must be that of the engineer who had charge or control of the locomotive or engine which injured plaintiff. It cannot be referred to the negligence of the fireman, because it indisputedly appears that the fireman did not, at the time of the injury, have charge or control of the engine, but that the engineer did.

The evidence without dispute showed that the engineer was guilty of no negligence. The only possible negligence which any of the evidence tended to show was that of the fireman in failing to notify the engineer of plaintiff's proximity to the track or peril, which was only for a second or more, just prior to the engine's striking plaintiff.

The plaintiff's evidence showed conclusively that he was guilty of contributory negligence in getting on, or

[Louisville & Nashville R. R. Co. v. Beck.]

dangerously near to, the track, without stopping, looking, or listening for an approaching engine. He attempts to excuse himself, however, by alleging that he was placed in a perilous position by the negligence of the defendant, and that, being thus overtaken suddenly by danger, obeying the insincts of nature, he acted wildly or madly, and therefore was not responsible for his acts under such perilous conditions; and alleges that the liability must be visited upon the defendant for the negligence of placing him in this position of peril.

As to this contention, however, the proof utterly fails. If plaintiff was in a perilous position, it was one which he voluntarily assumed.

It being thus admitted that plaintiff was guilty of contributory negligence, he could recover only on proof of subsequent negligence on the part of the defendant.

The only negligence for which the defendant, under the circumstances, could be held liable being that of the engineer, and the evidence without dispute showing that he was guilty of no negligence, initial or subsequent, the defendant was entitled to the affirmative charge.

The plaintiff himself testifies that the engineer in charge of the engine which collided with plaintiff was guilty of no negligence. He even says so in terms. This being true, the defendant was entitled to the affirmative charge requested, and there was reversible error in refusing it as to each of the counts.

In accordance with the conclusion of the majority, the judgment of the court below is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON, MCCLELLAN, and DE GRAFFENRIED, JJ., concur. MAYFIELD, SAYRE, and SOMERVILLE, JJ., dissent.